## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**AARON JOHN UPCHURCH,**

    **Plaintiff,**

   **v.**                                     **No. 13-cv-0116 JCH/SMV**

**TIM NYCE,**

    **Defendant.**

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Motion for Appointment of Counsel [Doc. 3] ("Motion"), filed February 4, 2013. Defendant has not filed a response, and none is need. The Court, being fully advised in the premises, FINDS that the motion is not well-taken and should be DENIED.

Plaintiff requests appointment of counsel because he is incarcerated, cannot afford to hire an attorney himself, "has very limited legal access," is disabled under the Social Security Act, and has other limitations, which appear to be presented in relationship to social security law. Motion [Doc. 3] at 1. "[Plaintiff] has mental disorders listed in [the Social Security regulations]: moderate difficulties in maintaining concentration, ADHD, forgetting, poor attention, difficulty organizing, and moderate mental retardation, full scale I.Q. of 50." *Id.*

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of

counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

The Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant the Court's requesting assistance of counsel. Moreover, thus far, Plaintiff has been adequately presenting his claims.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Appointment of Counsel [Doc. 3] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**