IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AARON JOHN UPCHURCH,

    Plaintiff,

  v.                                                  No. CIV 13-0116 JH/SMV

TIM NYCE (R 548),

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant began a burglary investigation of Plaintiff "on a hunch." On the basis of the hunch, Defendant decided to "stop by and see what was going on" at Plaintiff's residence because of a large number of parked cars and people in front of the house. Comp. 3. Defendant then obtained a warrant and, accompanied by a burglary victim, conducted a nighttime search of Plaintiff's residence while Plaintiff was not there. The search revealed stolen property, and Plaintiff was subsequently convicted of burglary charges. He contends that Defendant's actions violated his due process rights of liberty and privacy, as well as his Fourth Amendment protection against unreasonable search and seizure. The complaint seeks damages.

The complaint's first claim is that, because Defendant was acting on a hunch, his commencement of an investigation and stopping by Plaintiff's residence to see what was going on violated Plaintiff's liberty and property rights. Under applicable law, because Defendant did not initiate a search based on the hunch but merely stopped by to see what was going on, no constitutional violation occurred. "A hunch may provide the basis for solid police work; it may trigger an investigation that uncovers facts that establish reasonable suspicion, probable cause, or even grounds for a conviction. A hunch, however, is not a substitute for the necessary specific, articulable facts required to justify a Fourth Amendment intrusion." *United States v. Thomas*, 211 F.3d 1186, 1192 (9th Cir. 2000), *quoted with approval in* U.S. v. Dell, 487 F. App'x. 440, 447 (10th Cir. 2012). Because Plaintiff does not allege that Defendant's "stop by" amounted to "a Fourth Amendment intrusion," *Thomas*, 211 F.3d at 1192, no relief is available on this claim.

Plaintiff's second claim is that the search warrant that issued after the "drop by" was unsupported by reasonable suspicion or probable cause. His resulting conviction and incarceration are thus in violation of his Fourth Amendment protections. This claim calls into question the constitutionality of the criminal conviction and is thus barred under the decision in *Heck v.*

2

*Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. Plaintiff's § 1983 claims that " 'officers lacked reasonable suspicion []supported by probable cause' . . . . [and that the] alleged misconduct directly led to his conviction . . . are barred by *Heck* unless his conviction is set aside." *Esquibel v. Bechtel*, 421 F. App'x 813, 817 (10th Cir. 2010). The complaint does not allege that Plaintiff's conviction has been set aside, *see Heck*, 512 U.S. at 486-87, and thus his allegations of absence of probable cause for the search of his residence fail to state a claim cognizable under § 1983, *see Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action). This Fourth Amendment claim will be dismissed without prejudice.

In his third claim, Plaintiff asserts that Defendant violated his constitutional right of privacy by allowing a private citizen to attend the search of his residence. According to the complaint, this citizen was the complainant in the burglary investigation, and officers requested that he attend the search to look for stolen property. "Where the police enter a home under the authority of a warrant to search for stolen property, the presence of third parties for the purpose of identifying the stolen property has long been approved by this Court and our common-law tradition." *Wilson v. Layne*, 526 U.S. 603, 611-12 (1999). Under the longstanding rule restated in *Wilson*, Plaintiff's allegations do not support his claim for invasion of privacy, and the Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's Fourth Amendment claim of defective warrant is DISMISSED without prejudice, otherwise the complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

3