IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AARON JOHN UPCHURCH,

    Plaintiff,

 v.                                                                         No. CIV 13-0116 JH/SMV

TIM NYCE (R 548),

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff's Motion to Amend the Civil Rights Complaint (Doc. 14) filed on May 9, 2013. By order and judgment entered on May 1, 2013 (Docs. 12, 13), the Court dismissed Plaintiff's complaint and this action. On May 9, 2013, Plaintiff filed a notice of appeal (Doc. 15) and this motion to amend.

    As the Court of Appeals for the Tenth Circuit has stated on more than one occasion, "[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985) (per curiam), *quoted in Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996). The Court therefore liberally construes Plaintiff's motion alternatively as a motion to alter or amend judgment under rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment under rule 60(b) of the Federal Rules of Civil Procedure. *Cf. Burns v. C.I.A.*, No. 93-5153, 1994 WL 36770, at *1 (10th Cir. Feb. 8, 1994) (construing motion to reopen under rule 60(b)); *and see Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992) (noting that a plaintiff's pro se characterization of claims is not dispositive). Where, as here, a party files both a notice of appeal and a motion to reconsider, the district court retains jurisdiction to deny,

but not to grant, the motion. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 n.4 (10th Cir. 1996) (rule 60(b) motion); *Brown v. Wachovia Bank*, 244 F.R.D. 16, 19 n. 1 (D.D.C. 2007) (rule 59(e) motion).

In its dismissal order, the Court dismissed Plaintiff's defective-warrant claim as barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In his motion to amend, Plaintiff reasserts his claim that the search warrant used by Defendant was not supported by reasonable suspicion or probable cause. The motion thus challenges the Court's legal determination and is construed as a rule 59(e) motion to alter or amend judgment. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only ' "to correct manifest errors of law or to present newly discovered evidence." ' "). The motion ignores the Court's actual ruling under *Heck*, however, and thus fails to assert an error of law on the warrant issue. The Court will deny the motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend the Civil Rights Complaint (Doc. 14) filed on May 9, 2013, construed herein alternatively as a motion to alter or amend judgment under rule 60(b) of the Federal Rules of Civil Procedure or a motion for relief under rule 60(b) of the Federal Rules of Civil Procedure, is DENIED.

_____
UNITED STATES DISTRICT JUDGE